UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| OLGA R. GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Comm. Social Security Administration, <br><br> Defendant. | ED CV 13-1696-SH <br><br> MEMORANDUM DECISION |

## I. INTRODUCTION

Plaintiff Olga R. Ramirez filed an application for Disability Insurance Benefits, on November 16, 2010. In a Decision dated July 11, 2012, the Administrative Law Judge ("ALJ") found that plaintiff was not disabled. The Appeals Council denied plaintiff's Request for Review, and this timely action followed.

1

The ALJ found that plaintiff had severe impairments of diabetes, hypothyroidism and Inflammatory arthritis, but that her impairments did not meet or equal a Listed Impairment. The ALJ concluded that plaintiff could perform sedentary work, with additional limitations.

Plaintiff argues that the ALJ failed to adequately consider whether she met or equaled Listing 14.09(A)(1)(Inflammatory arthritis). Plaintiff correctly notes that the ALJ did not mention that Listing in the Decision. Plaintiff argues that she met or equaled that Listing because she could not ambulate effectively, and reported she used her mother's cane.

Plaintiff also argues that the ALJ did not state clear and convincing reasons for rejecting plaintiff's credibility regarding her subjective symptoms.

Defendant responds that plaintiff failed to produce medical evidence that her arthritis met or equaled Listing-level severity, specifically that plaintiff produced no medical records which would have supported a different conclusion. Specifically, the Administrative Record does not reveal that any medical source prescribed a handheld assistive device, much less a device requiring the use of both hands, as required by Section 1400C6.

Finally, defendant asserts that the ALJ supplied specific reasons for discounting plaintiff's assertions of pain and dysfunction.

## II. DISCUSSION

1. The ALJ Properly Determined that Plaintiff Failed to Demonstrate That Her Arthritis Was of Listing-Level Severity

Plaintiff first asserts that the ALJ failed to properly consider whether Plaintiff met or equaled Listing 14.09(A)(1)(Inflammatory arthritis). That Listing requires proof of Inflammatory arthritis resulting in an inability to ambulate effectively.

The ALJ did find that plaintiff had a severe impairment of Inflammatory arthritis, but did not specifically address Listing 14.09(A)(1).

However, plaintiff did not provide any medical evidence to establish that she was unable to ambulate effectively, as defined by the Listings. Examining orthopedist Dr. Burton merely referred plaintiff to a rheumatologist, and recommended that she limited her ambulation for two days. A.R. 279. Another examining orthopedist, Dr. Sophon, diagnosed plaintiff with rheumatoid arthritis, but found that plaintiff could perform a range of sedentary work, including two hours of walking/standing without need of an assistive device. A.R.253-4.

Not only was it Plaintiff's burden to establish that an impairment met or equaled a Listed Impairment, but an ALJ is not required to explain why a claimant failed to satisfy every possible Section of the Listing of Impairments. Gonzales v. Sullivan, 914, F.2d 1197,1201 (9th Cir. 1990).

Moreover, the ALJ carefully considered Listings 1.02 and 1.04, which involve disorders of the musculoskeletal system and spine. These Listings also require an evaluation as to whether a claimant has an ability to ambulate effectively. The ALJ did not find that plaintiff was unable to ambulate. Therefore, by implication the finding that plaintiff did not meet the non-ambulatory requirement of Listings 1.02 and 1.04 amounts to harmless error with respect to the ALJ not specifically considering Listing 14.09(A)(1), which also has a non-ambulatory requirement.[1]

---

[1]/ Since the ALJ specifically made a Finding as to Inflammatory arthritis being an impairment of plaintiff, it is curious as to why the Decision does not cite to Listing 14.09, the Inflammatory arthritis Listing, but instead twice mentions Listing "12.09", [A.R. 10] The initial citation to Listing 12.09 ("Substance addiction Disorder"), would have been relevant to plaintiff's alcohol abuse. However, the court believes that the second citation to "12.09" ["12.09, and 12.09"] may have been no more than a dictation or transcription error, as it appears the ALJ may have been referring to Listings 12.09 and 14.09. However, this is merely an alternative hypothesis as to why a reference to Listing 14.09 is absent from the Decision, and does not affect the outcome of this case.

      2.     The ALJ Properly Discounted Plaintiff's Credibility as to Her Subjective Complaints

Plaintiff next asserts that the ALJ did not provide clear and convincing reasons for rejecting plaintiff's subjective complaints. However, the ALJ did not wholly reject her credibility, finding instead that plaintiff's residual functional capacity was reduced to a light exertional level.

Here, the ALJ made adequate findings to support his partial rejection of plaintiff's subjective complaints. He noted that plaintiff engaged in many daily activities; that the objective medical evidence did not support her alleged level of dysfunction; and that the medical records reflected that she sought treatment only twice for extremity swelling and arthritis, and had no documented treatment after March, 2011, despite a recommendation that she consult a rheumatologist.

An ALJ may properly consider a claimant's daily activities even if they do not alone suggest that she could return to work, as they may demonstrate that a claimant has greater functional capacity than claimed. Valentine v. Commissioner, 574 F.3d, 685, 693 (9th Cir. 2009).

### III. CONCLUSION

For the forgoing reasons, the Decision of the Commissioner is affirmed, and plaintiff's Complaint is dismissed.

DATED:  April 29, 2014

_____
       STEPHEN J. HILLMAN
   UNITED STATES MAGISTRATE JUDGE